*611 OPINION OF THE COURT
Richard M. Weinberg, J.
Defendant pleaded guilty to one count of prostitution (Penal Law § 230.00) on November 9, 2010 at Midtown Community Court. She received a one-year conditional discharge with a mandate to complete 10 sessions of individual counseling with the Midtown Community Court clinical staff and a 10-day program with GEMS (Girls Education and Mentoring Services). This court was kept apprised of defendant’s progress through frequent updates from the Midtown clinical staff. Defendant successfully completed her mandate.
Defendant now moves for an order vacating judgment pursuant to Criminal Procedure Law § 440.10 (1) (i) on the ground that she was a victim of a severe form of sex trafficking pursuant to the Trafficking Victims Protection Act (22 USC § 7101 et seg.) and a victim of sex trafficking under Penal Law § 230.34.
Criminal Procedure Law § 440.10 was amended in 2010 to provide for the vacating of judgment in cases where defendant’s participation in a prostitution offense was a result of having been a victim of sex trafficking under Penal Law § 230.34 or trafficking in persons under the Trafficking Victims Protection Act {supra).
Penal Law § 230.34 (5) (a) and (c) defines sex trafficking, in part, as
“using force or engaging in any scheme, plan or pattern to compel or induce the person being patronized to engage in or continue to engage in prostitution activity by means of instilling a fear in the person being patronized that, if the demand is not complied with, the actor or another will . . .
“cause physical injury, serious physical injury, or death to a person; or . . .
“engage in other conduct constituting a felony or unlawful imprisonment in the second degree in violation of [Penal Law § 135.05].”
22 USC § 7102 (9), in relevant part, defines sex trafficking as “the recruitment, harboring, transportation, provision, or obtaining of a person for the purpose of a commercial sex act.” It defines severe forms of trafficking in persons as “sex trafficking in which a commercial sex act is induced by force, fraud or coercion . . . .” (22 USC § 7102 [8] [A].)
Defense counsel has provided the court with an exhaustive history of defendant’s experiences of being coerced into, and *612 remaining in, a life of prostitution through exploitation and manipulation by her pimps, her resulting depression and attempts at suicide, and her successful efforts to escape from her pimps and from her former life. Defendant had at least 15 prior arrests for prostitution when she was arrested on this case and began working with the Midtown Community Court clinical staff and her defense counsel to successfully complete her mandate and leave her former life. She has been reunited with her family, has earned her high school diploma and has completed course work to become a certified nursing aid. She has also been gainfully employed and has been participating in the Leadership Institute at GEMS. Following completion of her court mandate, defendant continued her therapy at Midtown on a voluntary basis.
Defendant clearly meets the New York State statutory definition of a victim of sex trafficking and the federal statutory definition of a victim of a severe form of sex trafficking. Through tremendous efforts on her part, the Midtown clinical staff and defense counsel, defendant is well on her way to a truly productive, law-abiding life. This defendant presents precisely the type of case that the 2010 amendment to Criminal Procedure Law § 440.10 was enacted to address.
Accordingly, defendant’s motion is granted, the accusatory instrument is dismissed and the record is sealed.